# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:24-CR-00156-O(01) |
| | U.S. Marshal's No.: 25612-511 |
| KEVIN MITCHELL | Matthew Robert Weybrecht, Assistant U.S. Attorney |
| | Jeff A Kearney, Attorney for the Defendant |

On July 17, 2024 the defendant, KEVIN MITCHELL, entered a plea of guilty as to Count One of the Information filed on June 27, 2024. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 666(a)(1)(A) | Federal Program Theft | 01/31/2022 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Information filed on June 27, 2024.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed November 22, 2024.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed November 22, 2024.

Case 4:24-cr-00156-O   Document 32   Filed 11/22/24   Page 2 of 4   PageID 106
Judgment in a Criminal Case                                                          Page **2** of **4**
Defendant: KEVIN MITCHELL
Case Number: 4:24-CR-00156-O(1)

# PROBATION

It is the judgment of the Court that the defendant, KEVIN MITCHELL, is hereby sentenced to a term of probation for a term of **THREE (3) YEARS** as to Count One of the Information filed on June 27, 2024.

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

( 1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
( 2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
( 3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
( 4)  You must answer truthfully the questions asked by your probation officer.
( 5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
( 7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
( 8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
( 9)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12)  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you

      must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

(13) You must follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not illegally possess controlled substances;

cooperate in the collection of DNA as directed by the probation officer;

not possess a firearm, ammunition, destructive device, or any dangerous weapon;

refrain from any unlawful use of a controlled substance; the following drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse: You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments;

take notice that if, upon commencement of probation, any part of the $15,578.49, restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $500 per month, whichever is greater. Payments shall begin no later than 60 days after the term of supervised release commences and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3);

take notice that if ordered, the defendant shall pay any fine as set forth in the Judgment;

not incur new credit charges, or open additional lines of credit without the approval of the probation officer;

provide to the probation officer complete access to all business and personal financial information;

not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer; and,

not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer.

## RESTITUTION/FINE

The Court does not order a fine.

The Court further orders that defendant shall make restitution in the amount of $$15,578.49. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of probation so long as defendant pays as provided in defendant's conditions of probation. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the following:

> City of Grapevine
> Attn: Fiscal Services
> 200 South Main Street
> Grapevine, TX 76051
> Re: Kevin Mitchell

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
United States Marshal

BY _____
       Deputy Marshal